


## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### CASE NO.

Ramon Ruiz,

Plaintiff,

v.

**KWAME RAOUL,** Attorney General of Illinois sued in his official capacity, and;
**BRENDAN F. KELLY,** Director of the Illinois State Police is sued in his official capacity.

Defendants.

_____/

**1:25-cv-09750**
**Judge Lindsay C. Jenkins**
**Magistrate Judge Laura K. McNally**
**RANDOM/Cat 2**

# COMPLAINT FOR VIOLATIONS OF SECOND AMENDMENT RIGHTS

## 42 U.S.C. § 1983

**TO THE HONORABLE COURT:**

Plaintiff Ramon Ruiz, sui juris, proceeding without counsel, brings this action against Defendants for violations of Second Amendment rights under 42 U.S.C. § 1983, and respectfully alleges as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Civil Rights Act, 42 U.S.C. § 1983, and the Second and Fourteenth Amendments to the United States Constitution.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside and conduct official business in this judicial district, and because the constitutional violations alleged herein have ongoing effects in this district.

4. Plaintiff seeks monetary damages, declaratory relief, injunctive relief, and attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. §§ 2201-2202.

## II. PARTIES

### A. Plaintiff

5. Plaintiff Ramon Ruiz is a United States American who was previously prohibited from possessing firearms under federal and/or Illinois law due to prior legal proceedings.

6. Plaintiff has qualified for restoration of firearm rights under applicable Illinois law criteria for at least the last 8 years.

### B. Defendants

7. **Defendant KWAME RAOUL** is the Attorney General of Illinois and is sued in his official capacity. He is responsible for enforcing Illinois firearms laws, defending the constitutionality of such laws, and has supervisory authority over the administration of Illinois firearm statutes including the FOID card system.

8. **Defendant BRENDAN F. KELLY** is the Director of the Illinois State Police and is sued in his official capacity. He is responsible for administering Illinois firearms laws,

including FOID card applications, firearm rights restoration procedures, and enforcement of 430 ILCS 65/1 et seq.

### III. FACTUAL ALLEGATIONS

**A. Illinois's Unconstitutional FOID Card Statutory Scheme**

9. Illinois law provides a procedure for restoration of firearm rights through petition to circuit court pursuant to 430 ILCS 65/10.

10. However, Illinois law creates an absolute statutory impossibility for non-residents to access firearm rights restoration through the following scheme: **Step 1:** Illinois law requires that an individual must first apply for a Firearm Owner's Identification (FOID) card and be denied before being eligible to petition for restoration of rights under 430 ILCS 65/10. **Step 2:** Illinois FOID card applications are restricted exclusively to Illinois residents pursuant to 430 ILCS 65/4, which states that FOID cards shall only be issued to residents of Illinois. **Step 3:** Because non-residents are categorically prohibited from applying for FOID cards, they cannot be denied FOID cards. **Step 4:** Without a FOID card denial, Illinois law provides no mechanism for non-residents to petition for restoration of firearm rights. **Result:** Non-residents are absolutely and categorically denied any pathway to seek restoration of Second Amendment rights in Illinois, creating a permanent prohibition based solely on residency status.

**B. The Constitutional Violation**

3

11. Plaintiff has qualified for restoration of firearm rights under applicable Illinois law criteria for at least the past eight years but is categorically denied access to Illinois's restoration process solely because of the Illinois's residency requirement.

12. Illinois provides no alternative procedure, process, or mechanism for qualified non-residents to seek restoration of Second Amendment rights.

13. Defendants RAOUL and KELLY enforce, maintain, and defend this statutory scheme that creates an absolute prohibition on firearm rights restoration for non-residents.

14. This categorical prohibition operates without regard to individual circumstances, qualifications, or constitutional considerations.

**C. Ongoing Constitutional Harm**

15. As a direct result of Defendants' enforcement of this unconstitutional statutory scheme, Plaintiff suffers ongoing deprivation of his Second Amendment rights.

16. Plaintiff is denied equal treatment under law based solely on his state of residence.

17. The continuing violation doctrine applies, as each day Defendants maintain this unconstitutional prohibition constitutes a new violation of Plaintiff's constitutional rights.

18. Plaintiff has no adequate remedy at law, as Illinois law provides no alternative mechanism for non-resident rights restoration.

## IV. LEGAL STANDARD UNDER NEW YORK STATE RIFLE & PISTOL ASSOCIATION V. BRUEN

19. In *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), the Supreme Court established that Second Amendment challenges must be evaluated under a text-and-history standard.

20. Under *Bruen*, the government bears the burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer boundaries of the right to keep and bear arms."

21. *Bruen* specifically rejected means-end scrutiny and interest-balancing tests in favor of requiring historical analogues from the founding era or Reconstruction era.

22. The *Bruen* standard applies to both the right to possess firearms and ancillary rights necessary to exercise the core Second Amendment right, including rights restoration procedures.

## V. CAUSES OF ACTION

**COUNT I: SECOND AMENDMENT VIOLATIONS (42 U.S.C. § 1983)**

23. Plaintiff incorporates all preceding allegations.

24. **Fundamental Right:** The Second Amendment protects an individual's fundamental right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010).

5

25. **Bruen Analysis:** Under *Bruen*, Illinois's categorical prohibition on non-resident firearm rights restoration violates the Second Amendment because: a. The statutory scheme categorically prohibits exercise of Second Amendment rights based solely on residency status; b. No evidence exists of founding-era or Reconstruction-era precedent for geographic discrimination in firearm rights restoration; c. Defendants cannot meet their burden under *Bruen* to affirmatively prove historical pedigree for residency-based prohibitions; d. The absolute nature of the prohibition, without individualized assessment, lacks historical justification.

26. **Clearly Established Law:** *Bruen*, *Heller*, and *McDonald* clearly establish that Second Amendment rights cannot be categorically denied based on geographic classifications without historical justification.

27. **Irreparable Harm:** Plaintiff suffers ongoing irreparable harm through continued deprivation of Second Amendment rights, for which no adequate remedy exists at law.

**COUNT II: EQUAL PROTECTION VIOLATIONS (42 U.S.C. § 1983)**

28. Plaintiff incorporates all preceding allegations.

29. **Classification Based on Residency:** Illinois law creates different classes of individuals based on state residency for purposes of Second Amendment rights restoration.

30. **Fundamental Rights Analysis:** Because the classification affects the fundamental right to keep and bear arms, strict scrutiny analysis applies.

31. **No Compelling Interest:** Illinois has identified no compelling state interest that justifies geographic discrimination in constitutional rights restoration.

32. **Less Restrictive Alternatives:** Illinois could achieve any legitimate interests through individualized assessment rather than categorical prohibition based on residency.

## COUNT III: SUBSTANTIVE DUE PROCESS VIOLATIONS (42 U.S.C. § 1983)

33. Plaintiff incorporates all preceding allegations.

34. **Arbitrary Government Action:** The categorical prohibition on non-resident rights restoration is arbitrary and lacks rational basis, violating substantive due process.

35. **Denial of Fundamental Rights:** The statutory scheme denies Plaintiff's fundamental liberty interest in Second Amendment rights without due process of law.

36. **No Legitimate Government Interest:** No legitimate government interest supports the categorical exclusion of qualified non-residents from rights restoration procedures.

## COUNT IV: PROCEDURAL DUE PROCESS VIOLATIONS (42 U.S.C. § 1983)

37. Plaintiff incorporates all preceding allegations.

38. **Denial of Process:** Illinois law provides no procedure, mechanism, or process by which qualified non-residents can seek restoration of Second Amendment rights.

39. **Mathews Analysis:** Under *Mathews v. Eldridge*, the private interest (fundamental Second Amendment rights) significantly outweighs the government's administrative burden in providing basic procedural due process.

40. **Fundamental Fairness:** Basic principles of fundamental fairness require that qualified individuals have some mechanism to petition for restoration of constitutional rights.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

**A. Jurisdictional Relief**

1. Assume jurisdiction over this matter;

**B. Declaratory Relief**

2. **DECLARE** that Illinois's FOID card prerequisite for firearm rights restoration violates the Second Amendment as applied to qualified non-residents under the *Bruen* standard;

3. **DECLARE** that the categorical prohibition on non-resident firearm rights restoration violates the Equal Protection Clause of the Fourteenth Amendment;

4. **DECLARE** that the denial of any procedural mechanism for qualified non-residents to seek firearm rights restoration violates substantive and procedural due process;

**C. Injunctive Relief**

5. **PERMANENTLY ENJOIN** Defendants from enforcing the FOID card prerequisite against qualified non-residents seeking firearm rights restoration;

6. **ORDER** Defendants to implement and administer a constitutionally adequate procedure for qualified non-residents to petition Illinois courts for firearm rights restoration;

7. **ENJOIN** Defendants from categorically denying firearm rights restoration based solely on residency status;

8. **ORDER** that any alternative procedure provide qualified non-residents with equal opportunity for individualized assessment consistent with Second Amendment principles;

**D. Monetary Relief**

9. Award compensatory damages for ongoing deprivation of Second Amendment rights;

10. Award punitive damages against Defendants in their individual capacities for willful violation of clearly established constitutional rights;

11. Award damages for the ongoing harm caused by categorical denial of constitutional rights restoration;

**E. Additional Relief**

12. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988;

13. Award pre- and post-judgment interest;

14. Grant such other relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

## VERIFICATION

I, Ramon Ruiz, hereby verify under penalty of perjury under the laws of the United States of America that the foregoing Complaint and the facts stated therein are true and correct to the best of my knowledge, information, and belief. (28 U.S.C. § 1746)

Executed on this 15th day of August, 2025

                                                                          Respectfully presented,

**By**:_____
                                                     Ramon Ruiz, Sui juris
                                                     Plaintiff, Pro per
                                                     All rights reserved
                                                     C/O 1317 Edgewater Dr. #1173
                                                     Orlando, FL 32804
                                                     305-334-3936
                                                     Email: ruizlawsuit@gmail.com