



**FILED**
9/30/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PJ

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CASE NO. 1:25-cv-09750-LCJ**

Ramon Ruiz,

Plaintiff,

v.

**KWAME RAOUL,** Attorney General of
Illinois sued in his official capacity, and;
**BRENDAN F. KELLY,** Director of the Illinois
State Police is sued in his official capacity.

Defendants.

_____/

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS**

**42 U.S.C. § 1983**

Plaintiff Ramon Ruiz, sui juris, proceeding without counsel, files this Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). This Amended Complaint supersedes the original complaint (ECF No. 1) and is filed before Defendants have answered or otherwise responded to the original complaint. Plaintiff brings this action against Defendants for violations of the Second and Fourteenth Amendments under 42 U.S.C. § 1983 and alleges as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Civil Rights Act, 42 U.S.C. § 1983, and the Second and Fourteenth Amendments to the United States Constitution.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside and conduct official business in this judicial district.

4. Plaintiff seeks declaratory relief, injunctive relief, and attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. §§ 2201-2202.

## II. PARTIES

5. **Plaintiff Ramon Ruiz** is a United States American who was convicted of a forcible felony in Illinois. As a result of this Illinois conviction, Plaintiff is currently prohibited from possessing firearms under 18 U.S.C. § 922(g) throughout the United States.

6. Under federal law, only the jurisdiction of conviction may grant restoration that removes federal firearms disabilities. *United States v. Bean*, 537 U.S. 71, 75-76 (2002). Because Plaintiff's disqualifying conviction occurred in Illinois, only Illinois can grant restoration that would lift Plaintiff's nationwide federal prohibition on firearm possession.

7. Plaintiff currently resides outside Illinois but meets Illinois's substantive criteria for firearm rights restoration under 430 ILCS 65/10, including the temporal requirement that at least 20 years have passed since the conviction with no subsequent disqualifying offenses.

8. **Defendant KWAME RAOUL** is the Attorney General of Illinois and is sued in his official capacity. He is responsible for enforcing Illinois firearms laws and has supervisory authority over the administration of Illinois firearm statutes including the FOID card system and restoration procedures.

2

9. **Defendant BRENDAN F. KELLY** is the Director of the Illinois State Police and is sued in his official capacity. He is responsible for administering Illinois firearms laws, including FOID card applications and firearm rights restoration procedures under 430 ILCS 65/1 et seq.

### III. FACTUAL ALLEGATIONS

**A. The Federal Firearms Disability**

10. Plaintiff's Illinois forcible felony conviction subjects him to federal firearms prohibition under 18 U.S.C. § 922(g)(1), which makes it unlawful for any person convicted of a crime punishable by imprisonment exceeding one year to possess firearms or ammunition.

11. This federal prohibition applies nationwide and prevents Plaintiff from exercising Second Amendment rights in any state.

12. The only mechanism to remove this federal disability is restoration of rights by the jurisdiction of conviction. 18 U.S.C. § 921(a)(20); *Bean*, 537 U.S. at 75-76.

13. Because Plaintiff's conviction occurred in Illinois, Illinois is the sole jurisdiction with authority to grant restoration that would remove Plaintiff's federal firearms prohibition.

**B. Illinois's Categorical Prohibition on Non-Resident Restoration**

14. Illinois law provides a statutory procedure for restoration of firearm rights through petition to circuit court pursuant to 430 ILCS 65/10.

"[a]ny person prohibited from possessing a firearm under Sections 24-1.1 or 24-3.1 of the Criminal Code of 2012 or acquiring a Firearm Owner's Identification Card under Section 8 of this Act may apply to the Firearm Owner's Identification Card Review Board or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition" if certain conditions are met. 430 ILCS 65/10(c).[1]

15. However, Illinois law creates an absolute statutory impossibility for non-residents to access this restoration procedure through the following scheme: a. **Step 1**: Illinois law requires that an individual must first apply for a Firearm Owner's Identification (FOID) card and be denied before being eligible to petition for restoration of rights under 430 ILCS 65/10(a). b. **Step 2**: Illinois FOID card applications are restricted exclusively to Illinois residents pursuant to 430 ILCS 65/4. c. **Step 3**: Because non-residents are categorically prohibited from applying for FOID cards under Illinois law, they cannot be denied FOID cards. d. **Step 4**: Without a FOID card denial, Illinois law provides no mechanism for non-residents to petition for restoration of firearm rights under 430 ILCS 65/10.

16. The result is that non-residents are absolutely and categorically denied any pathway to seek restoration of firearm rights in Illinois, creating a permanent prohibition based solely on residency status.

---

[1] See 430 ILCS 65/10(c) (Firearm Owners Identification Card Act), available at https://www.ilga.gov/legislation/ilcs/ilcs3.asp?ActID=1657&ChapterID=39.

17. Illinois law provides no alternative procedure, process, or mechanism for qualified non-residents to seek restoration of firearm rights.

**C. Plaintiff's Concrete Injury**

18. Plaintiff meets Illinois's substantive criteria for restoration under 430 ILCS 65/10, including:

- More than 20 years have passed since the forcible felony conviction;
- Plaintiff has not been convicted of any disqualifying offense in the intervening period;
- Plaintiff otherwise satisfies the statutory requirements for restoration.

19. Despite meeting these substantive criteria, Plaintiff is categorically barred from accessing Illinois's restoration process solely due to current residency outside Illinois.

20. As a direct result of Illinois's categorical denial of restoration access:

- Plaintiff remains subject to federal firearms prohibition under 18 U.S.C. § 922(g) throughout the United States;
- Plaintiff is denied the opportunity to demonstrate rehabilitation and qualification for restoration;
- Plaintiff is deprived of Second Amendment rights nationwide based solely on geographic discrimination by the convicting jurisdiction.

21. This injury is concrete, particularized, ongoing, and directly traceable to Defendants' enforcement of Illinois's residency-based prohibition on restoration access.

**D. The Legal Landscape After Bruen**

22. On June 23, 2022, the Supreme Court decided *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), which fundamentally altered Second Amendment jurisprudence.

23. Under *Bruen*, the government bears the burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer boundaries of the right to keep and bear arms." *Id.* at 19.

24. *Bruen* rejected means-end scrutiny and interest-balancing tests in favor of requiring historical analogues from the founding era or Reconstruction era for any firearms restrictions.

25. Following *Bruen*, courts nationwide have applied this text-and-history standard to evaluate firearms regulations, including restrictions on rights restoration procedures.

26. Prior to *Bruen*, the viability of Plaintiff's constitutional challenge was uncertain under interest-balancing frameworks. *Bruen* established the applicable standard under which Illinois's categorical geographic discrimination in restoration access can be properly evaluated.

27. Plaintiff filed this action in August 2025, within a reasonable time after *Bruen* established the controlling legal standard and after determining that Illinois would not voluntarily reform its unconstitutional statutory scheme.

## IV. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE SECOND AMENDMENT (42 U.S.C. § 1983)

28. Plaintiff incorporates all preceding allegations.

29. The Second Amendment protects an individual's fundamental right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

30. Under *Bruen*, firearms regulations must be "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17.

31. Illinois's categorical prohibition on non-resident firearm rights restoration violates the Second Amendment because: a. The statutory scheme categorically prohibits qualified individuals from even seeking restoration of Second Amendment rights based solely on residency status; b. No evidence exists of founding-era or Reconstruction-era precedent for geographic discrimination in firearm rights restoration procedures; c. Defendants cannot meet their burden under *Bruen* to affirmatively prove historical pedigree for residency-based categorical prohibitions on restoration access; d. The absolute nature of the prohibition—denying any process whatsoever based solely on geography—lacks

7

historical justification and contravenes *Bruen's* requirement for historically-grounded, individualized assessments.

32. By categorically denying Plaintiff any mechanism to seek restoration, Defendants deprive Plaintiff of Second Amendment rights nationwide through enforcement of an unconstitutional residency-based barrier.

### COUNT II: VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983)

33. Plaintiff incorporates all preceding allegations.

34. The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying any person equal protection of the laws.

35. Illinois law creates different classes of individuals based on state residency for purposes of Second Amendment rights restoration: Illinois residents may petition for restoration under 430 ILCS 65/10, while non-residents are categorically denied any restoration mechanism.

36. This classification burdens the fundamental right to keep and bear arms and therefore triggers strict scrutiny. *Saenz v. Roe*, 526 U.S. 489, 504 (1999).

37. Illinois has no compelling state interest that justifies categorically excluding qualified non-residents from restoration procedures when those individuals meet the same substantive criteria applied to residents.

38. Even if a legitimate interest existed, Illinois has not employed the least restrictive means. Illinois could achieve any legitimate interests through individualized assessment of restoration petitions rather than categorical prohibition based on residency.

39. The residency-based classification is arbitrary and bears no rational relationship to the substantive criteria for restoration eligibility established by Illinois law.

**COUNT III: VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**

40. Plaintiff incorporates all preceding allegations.

41. The Due Process Clause of the Fourteenth Amendment protects against arbitrary deprivation of liberty interests, including fundamental Second Amendment rights.

42. Illinois's categorical prohibition on non-resident rights restoration is arbitrary and lacks any rational basis, violating substantive due process.

43. The statutory scheme is internally irrational: Illinois establishes substantive criteria for restoration eligibility but then categorically bars an entire class of qualified individuals from even petitioning based solely on geography.

44. No legitimate government interest supports the categorical exclusion of qualified non-residents from rights restoration procedures, particularly where those non-residents were convicted in Illinois and can only obtain restoration from Illinois.

**COUNT IV: VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)**

45. Plaintiff incorporates all preceding allegations.

46. The Due Process Clause requires that individuals be afforded procedural protections before being deprived of liberty interests, including fundamental Second Amendment rights.

47. Illinois law provides no procedure, mechanism, or process by which qualified non-residents can seek restoration of Second Amendment rights.

48. Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), the private interest at stake (fundamental Second Amendment rights protected nationwide) significantly outweighs any administrative burden in providing basic procedural due process.

49. Basic principles of fundamental fairness require that qualified individuals have some mechanism to petition for restoration of constitutional rights, particularly where the convicting jurisdiction is the only authority that can grant such restoration.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. **Assume jurisdiction** over this matter;

B. **DECLARE** that Illinois's FOID card residency prerequisite for firearm rights restoration violates the Second Amendment as applied to qualified non-residents under the standard established in *Bruen*;

C. **DECLARE** that the categorical prohibition on non-resident firearm rights restoration violates the Equal Protection Clause of the Fourteenth Amendment;

D. **DECLARE** that the denial of any procedural mechanism for qualified non-residents to seek firearm rights restoration violates substantive and procedural due process under the Fourteenth Amendment;

E. **PERMANENTLY ENJOIN** Defendants from enforcing the FOID card residency prerequisite against qualified non-residents seeking firearm rights restoration;

F. **ORDER** Defendants to implement and administer a constitutionally adequate procedure for qualified non-residents to petition Illinois courts for firearm rights restoration;

G. **ENJOIN** Defendants from categorically denying firearm rights restoration based solely on residency status;

H. **ORDER** that any alternative procedure provide qualified non-residents with equal opportunity for individualized assessment consistent with Second Amendment principles and Illinois's substantive restoration criteria;

I. **Award** attorney's fees and costs pursuant to 42 U.S.C. § 1988;

J. **Award** pre- and post-judgment interest as allowed by law; and

K. **Grant** such other relief as this Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff respectfully withdraws the demand for jury trial on equitable claims for declaratory and injunctive relief.

## VERIFICATION

I, Ramon Ruiz, hereby verify under penalty of perjury under the laws of the United States of America that the foregoing Complaint and the facts stated therein are true and correct to the best of my knowledge, information, and belief. (28 U.S.C. § 1746)

Executed on this 30th day of September, 2025

Respectfully presented,

**By**:_____
        Ramon Ruiz, Sui juris
        Plaintiff, Pro per
        All rights reserved
        C/O 1317 Edgewater Dr. #1173
        Orlando, FL 32804
        305-334-3936
        Email: ruizlawsuit@gmail.com

12

**NOTICE OF SERVICE OF FIRST AMENDED COMPLAINT**

Plaintiff Ramon Ruiz, sui juris, proceeding without counsel, hereby certifies that on **September 30, 2025**, he served a true and correct copy of the **First Amended Complaint** on Defendants Kwame Raoul, in his official capacity as Attorney General of Illinois, and Brendan F. Kelly, in his official capacity as Director of the Illinois State Police, by uploading the document to the Court's **Pro Se PDF Submission Portal** and by service upon all counsel of record through the Court's **CM/ECF system**, in accordance with applicable Federal Rules of Civil Procedure.

Defendants are hereby notified that, pursuant to **Federal Rule of Civil Procedure 12(a)(1)(B)**, they must file an **Answer or a motion under Rule 12** within **60 days from the date of service** of this First Amended Complaint.

Dated: September 30, 2025

By: _____
    Ramon Ruiz, sui juris
    Plaintiff

13