



RECEIVED
JKS
6/18/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ramon Ruiz, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-09750 |
| | ) | |
| v. | ) | Judge: Hon. Lindsay C. Jenkins |
| | ) | |
| KWAME RAOUL, et al., | ) | |
| | **)** | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL**
**RIGHTS 42 U.S.C. § 1983**

Plaintiff Ramon Ruiz, sui juris, proceeding without counsel, files this Second Amended Complaint pursuant to the Court's Order of June 8, 2026 [Dkt. 54], which dismissed the First Amended Complaint without prejudice and granted leave to amend by June 22, 2026. This Second Amended Complaint supersedes the First Amended Complaint [Dkt. 26] in its entirety. Each citation and quotation has been independently verified against primary sources. Plaintiff brings this action under 42 U.S.C. § 1983 for violations of the Second and Fourteenth Amendments to the United States Constitution and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. § 1983 and the Second and Fourteenth Amendments to the United States Constitution.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court denied Defendants' Rule 12(b)(1) motion, finding that Plaintiff has Article III standing. Dkt. 54 at 5–6. Plaintiff re-alleges the standing facts below for completeness.

1

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside and conduct official business in this district.

## II. PARTIES

5. Plaintiff Ramon Ruiz is a United States citizen convicted of a forcible felony in Illinois in 1994. As a result of that conviction, Plaintiff is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1) throughout the United States. Plaintiff currently resides outside Illinois.

6. Under 18 U.S.C. § 921(a)(20), whether a conviction triggers a federal firearms disability, and whether that disability has been removed by a restoration of civil rights, is determined by the law of the convicting jurisdiction. Beecham v. United States, 511 U.S. 368, 371–72 (1994). Because Plaintiff's predicate conviction occurred in Illinois, federal law looks to Illinois law to determine whether Plaintiff's civil rights have been restored for purposes of removing that disability. United States v. Bean, 537 U.S. 71, 75–76 (2002).

7. Plaintiff meets the substantive criteria for restoration under 430 ILCS 65/10(c): (a) more than 20 years have elapsed since the forcible felony conviction; (b) Plaintiff has not been convicted of any subsequent disqualifying forcible felony; (c) the circumstances regarding the conviction and Plaintiff's record are such that Plaintiff will not likely act in a manner dangerous to public safety. Plaintiff's forcible felony conviction occurred more than thirty years ago. Plaintiff has not been convicted of any subsequent forcible felony or crime of violence. Plaintiff has maintained lawful conduct in the years since the conviction; (d) granting relief would not be contrary to the public interest; and (e) granting relief would not be contrary to federal law.

8. Defendant KWAME RAOUL is the Attorney General of Illinois, sued in his official capacity. He is responsible for enforcing Illinois firearms laws, including the Firearm Owner's Identification Card Act and the restoration procedures under 430 ILCS 65/1 et seq.

9. Defendant BRENDAN F. KELLY is the Director of the Illinois State Police, sued in his official capacity. He is responsible for administering FOID card applications and firearm rights restoration procedures under 430 ILCS 65/1 et seq.

## III. FACTUAL ALLEGATIONS

### A. The Federal Firearms Disability

10. Plaintiff's 1994 Illinois forcible felony conviction subjects him to the federal firearms prohibition under 18 U.S.C. § 922(g)(1), which makes it unlawful for any person convicted of a crime punishable by imprisonment exceeding one year to possess firearms or ammunition. This prohibition applies in every state.

11. Under 18 U.S.C. § 921(a)(20), that prohibition does not apply to a conviction that has been expunged, set aside, pardoned, or for which a person has had civil rights restored, provided such restoration does not expressly prohibit firearms.

12. Whether a restoration of civil rights qualifies to remove the federal disability is determined by the law of the convicting jurisdiction. Beecham, 511 U.S. at 371–72. Because Plaintiff's conviction occurred in Illinois, federal law looks to Illinois law to determine whether the disability has been removed. Bean, 537 U.S. at 75–76. The Seventh Circuit recently noted that felon status does not necessarily mean permanent disarmament, identifying Illinois restoration proceedings and the restarted federal § 925(c) process as potential avenues of relief. United States v. Watson, 171 F.4th 1012, 1025 (7th Cir. 2026).

3

**B. Illinois Has Established a Statutory Judicial Process for Restoration**

13. Illinois has established a statutory procedure under 430 ILCS 65/10 through which individuals with disqualifying convictions may petition a circuit court for restoration of firearm rights.

14. Under 430 ILCS 65/10(c), a circuit court may grant relief upon the petitioner establishing: (1) more than 20 years have passed since the forcible felony conviction; (2) the circumstances regarding the conviction and the applicant's criminal history are such that the applicant will not be likely to act in a manner dangerous to public safety; (3) granting relief would not be contrary to the public interest; and (4) granting relief would not be contrary to federal law. 430 ILCS 65/10(c)(0.05).

15. Illinois courts have confirmed that restoration through the § 10(c) process satisfies 18 U.S.C. § 921(a)(20) and removes the federal firearms disability arising from an Illinois conviction. Evans v. Cook Cty. State's Att'y, 2021 IL 125513, ¶ 33.

16. The § 10(c) criteria are applied uniformly to every petitioner. They concern the time elapsed since conviction, the petitioner's subsequent conduct and criminal history, public safety, and consistency with federal law. 430 ILCS 65/10(c)(0.05). None of those criteria require that the petitioner currently reside in Illinois.

17. The records bearing on those criteria — the conviction record, the sentencing documents, the criminal history, and the underlying court files — were created by Illinois, are maintained by Illinois, and exist within Illinois's own court and law enforcement record systems.

**C. The Venue Provision of Section 10(a) and Its Effect on Non-Residents**

4

18. To access the § 10(c) process, a petitioner must first apply for a FOID card and be denied. 430 ILCS 65/10(a). This Court confirmed that non-residents receive the required denial through the non-residency ground under 430 ILCS 65/4(a)(2)(xiv), which constitutes the denial § 10(a) requires as a precondition for petitioning. Dkt. 54 at 6.

19. Illinois's statutory and administrative infrastructure regularly adjudicates record-based petitions filed by non-residents without regard to their current state of citizenship or residency. Under the Illinois Criminal Identification Act, **20 ILCS 2630/5.2**, an individual seeking to expunge or seal an Illinois conviction or arrest record must file the petition with the clerk of the circuit court in the county where the arrest or conviction occurred, rather than the county of the petitioner's current residence. Upon filing, the Defendant Illinois State Police and the local State's Attorney receive statutory notice and are vested with authority to investigate and object. If an objection is raised, an Illinois circuit judge conducts a hearing, weighs the evidence, and enters a final judicial determination on the merits. Plaintiff has personally navigated this precise statutory mechanism as a non-resident, obtaining judicial approval of a sealing petition from an Illinois circuit court judge involving the exact underlying Illinois conviction record at issue in this case, a proceeding in which the Defendant Illinois State Police received statutory notice and declined to object.

20. Section 10(a) then directs that if a FOID denial is based on a forcible felony conviction, the petitioner "may petition the circuit court in writing in the county of his or her residence for a hearing seeking relief from such denial or revocation." 430 ILCS 65/10(a).

21. Because Plaintiff resides outside Illinois, the venue provision of § 10(a) leaves Plaintiff without an available circuit court forum in Illinois to present a petition for judicial review under § 10(c).

22. There is no other provision in Illinois law through which a non-resident with a forcible felony conviction may petition any Illinois circuit court for restoration of firearm rights under § 10(c).

23. The intersection of 18 U.S.C. § 921(a)(20) and 430 ILCS 65/10(a) operates as a complete structural bottleneck: federal law directs Plaintiff to the state of conviction for a determination of whether his civil rights have been restored, while the Illinois venue rule conditions access to that determination on a residency requirement a non-resident cannot satisfy. The venue rule does not regulate the merits of Plaintiff's qualifications. It prevents any assessment from occurring at all.

24. Illinois also provides executive clemency under 730 ILCS 5/3-3-13. That process is wholly discretionary, contains no statutory eligibility criteria, and requires no judicial findings on public safety or rehabilitation. Illinois courts have recognized § 10(c)'s judicial process and executive clemency as distinct mechanisms. Evans, 2021 IL 125513, ¶ 33. The § 10(c) judicial process contains the specific statutory findings courts have recognized as satisfying 18 U.S.C. § 921(a)(20). Id. Plaintiff does not concede that executive clemency or the federal § 925(c) process provides equivalent relief to the § 10(c) judicial process for purposes of this action.

**D. Plaintiff's Injury**

25. Plaintiff meets the substantive criteria for restoration under § 10(c). See ¶ 7, supra.

6

26. The venue provision of § 10(a) leaves Plaintiff without an available Illinois circuit court forum to present his petition for judicial review under § 10(c), not because Plaintiff fails any substantive eligibility criterion, but solely because Plaintiff does not maintain a county of residence in Illinois.

27. As a direct result, Plaintiff remains subject to the federal firearms prohibition under 18 U.S.C. § 922(g)(1) throughout the United States and has no forum through which to present the eligibility showing that § 10(c) contemplates.

28. This injury is concrete, particularized, and ongoing. It is traceable to Defendants' enforcement of the venue limitation in § 10(a). A declaratory judgment addressing that venue limitation would allow Plaintiff to file a petition under § 10(c) and present evidence of eligibility to an Illinois circuit court, even though the outcome of that process remains within the court's discretion.

**E. Independence of the Constitutional Claim**

29. Plaintiff alleges that the residency-based venue limitation in 430 ILCS 65/10(a) is independently unconstitutional as applied to this class because it categorically denies access to the statutory restoration forum to non-residents who otherwise satisfy the substantive criteria of § 10(c). Any separate ground the State may assert for ultimately denying relief in an individual case is a distinct determination subject to separate challenge and does not cure or negate the independent constitutional injury caused by the venue bar itself. This Court has already determined that invalidating the venue rule would remove a distinct constitutional barrier and redress a concrete injury even if other proceedings may separately bear on ultimate eligibility. Dkt. 54 at 5–6.

## IV. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE SECOND AMENDMENT (42 U.S.C. § 1983)

30. Plaintiff incorporates all preceding allegations.

31. Plaintiff does not challenge Illinois's authority to prohibit persons convicted of forcible felonies from possessing firearms. The Seventh Circuit has confirmed that disarmament of individuals with dangerous felony convictions is consistent with the Second Amendment under the history and tradition framework of New York State Rifle & Pistol Association v. Bruen, 597 U.S. 1 (2022). Watson, 171 F.4th at 1020–21. Plaintiff does not challenge § 922(g)(1), its Illinois analog, or the validity of any disarmament predicated on his conviction.

32. Plaintiff's claim is procedural and structurally distinct from the disarmament question. The venue provision of § 10(a) excludes non-residents from the § 10(c) mechanism entirely — not through a substantive eligibility determination, but through a geographic rule about where the petitioner currently resides.

33. The Second Amendment protects the individual right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 592-95 (2008). Under 18 U.S.C. § 921(a)(20) and *Beecham v. United States*, 511 U.S. 368, 371–72 (1994), Illinois law supplies the relevant restoration framework for Plaintiff's Illinois conviction. The venue provision of § 10(a) operates as a geographic bar that forecloses non-residents from accessing the § 10(c) judicial forum through which that determination is made.

34. Watson held that § 922(g)(1) is constitutional as applied to a defendant whose predicate felony was possession of cocaine with intent to distribute, a dangerous felony. *United States*

8

*v. Watson*, 171 F.4th 1012, 1020 (7th Cir. 2026). The historical traditions Watson identified — categorical disarmament of groups deemed dangerous, and the death penalty as the greater sanction of which disarmament is the lesser — address the substantive power to disarm. Id. at 1020–21. Watson did not address whether a state that has voluntarily established a restoration mechanism may categorically exclude non-residents from that mechanism through a venue rule.

35. Plaintiff does not assert an unconditional or immediate right to possess firearms notwithstanding his conviction. Rather, Plaintiff challenges a venue rule that prevents any judicial assessment of his eligibility for restoration from occurring. By excluding non-residents from the statutory forum, § 10(a) burdens Plaintiff's ability to obtain the Illinois restoration determination that federal law requires before the federal disability may be lifted.

36. Illinois has not identified a historical tradition of applying geographic venue rules to categorically exclude individuals from a restoration petitioning process that the sovereign itself established. The historical traditions Watson identified concerned the substantive power to disarm, not the administration of a voluntarily created restoration forum.

### COUNT II: VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983)
(Pleaded in the Alternative)

37. Plaintiff incorporates all preceding allegations.

38. The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying any person equal protection of the laws. U.S. Const. amend. XIV, § 1.

39. The venue provision of § 10(a) produces two classes of individuals who satisfy the identical § 10(c) substantive criteria: (a) residents, who may petition the circuit court in the county of

9

their residence; and (b) non-residents with Illinois forcible felony convictions, who have no available circuit court forum in Illinois.

40. Plaintiff accepts this Court's determination that rational basis review applies. Dkt. 54 at 8–9. Under that standard, a classification must bear a rational relationship to a legitimate government interest. St. Joan Antida High School Inc. v. Milwaukee Pub. Sch. Dist., 919 F.3d 1003, 1010 (7th Cir. 2019). Plaintiff bears the burden of negating every conceivable basis that might support the classification. Id.

41. This Court identified Illinois's asserted rationale as the state's claimed inability to adequately assess whether out-of-state residents are qualified. Dkt. 54 at 9.

42. Culp v. Raoul, 921 F.3d 646, 657 (7th Cir. 2019), addressed concealed carry licenses — an ongoing regulatory relationship requiring the State to continuously monitor a licensee's fitness over time as circumstances change. The § 10(c) restoration proceeding is categorically different. It is a one-time backward-looking judicial determination based on a fixed historical record: the circumstances of the original conviction, the applicant's criminal history, and the time elapsed since the offense. 430 ILCS 65/10(c)(0.05). Every record bearing on those criteria was created by Illinois, is maintained in Illinois court and law enforcement systems, and is fully accessible to any Illinois circuit court at the time of the hearing. The information barrier rationale that justified ongoing residency requirements for active licensees in Culp does not apply to a one-time adjudication of a historical record Illinois already possesses. Using residency as an absolute bar in this context does not address any information gap — it forecloses the proceeding through which Illinois would obtain and evaluate the relevant information.

43. Allocating internal judicial docket assignments based on a resident-petitioner's home county is a rational method for managing intrastate court workloads. Employing residency as an absolute, geographic bar to permanently foreclose non-residents from presenting a petition to *any* Illinois circuit court is an entirely different matter. The challenged venue restriction does not permit an Illinois court to evaluate Plaintiff's petition and deny it on the merits if he fails to meet the criteria; rather, it completely prevents any judicial evaluation from occurring at all. The absolute denial of access to a procedural forum bears no rational relationship to the State's asserted interest in ensuring applicants are qualified, because the rule eliminates the evaluation rather than informing it. **Illinois's own statutory practice under 20 ILCS 2630/5.2 illustrates this point.** Under that framework, the State requires non-residents seeking to expunge or seal an Illinois record to petition the circuit court in the county of conviction. In those proceedings, the Defendant Illinois State Police receive notice, hold the authority to investigate the non-resident petitioner's background, and may submit objections prior to a merit-based adjudication by an Illinois circuit judge. The operational workflow of a § 10(c) restoration petition is functionally identical: a petitioner files in the circuit court, the Illinois State Police participate, and a circuit judge evaluates the evidence to issue a final ruling. The State cannot simultaneously maintain that its law enforcement and judicial infrastructure are fully capable of vetting and adjudicating non-residents on the merits for expungements or sealings, while asserting that an information barrier renders those exact same entities incapable of conducting an identical assessment under § 10(c). Illinois circuit courts routinely adjudicate matters involving non-residents, including civil proceedings and professional licensing disputes requiring assessment of an individual's background and

11

history. Nothing in § 10(c) requires the petitioning court to conduct surveillance of the petitioner's out-of-state life; the statute calls for a hearing at which the petitioner presents evidence and the court evaluates the statutory criteria.

44. For this specific class — individuals with Illinois convictions whose relevant records exist in Illinois, and for whom federal law looks to Illinois law to determine whether the disability has been removed — the venue rule operates not as an administrative convenience measure but as a categorical bar to any judicial consideration of their petition.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

**A. DECLARE,** pursuant to 28 U.S.C. §§ 2201–2202, that the venue provision of 430 ILCS 65/10(a) — limiting petitions to "the circuit court in the county of his or her residence" — violates the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment as applied to non-residents with Illinois forcible felony convictions who meet the substantive criteria of § 10(c) and for whom federal law looks to Illinois law to determine whether their civil rights have been restored;

**B. ENJOIN** Defendants from enforcing the residency-based venue limitation of 430 ILCS 65/10(a) to bar Plaintiff from presenting a petition for judicial review under 430 ILCS 65/10(c); and

**C. Grant** such other relief as this Court deems just and proper.

## VI. VERIFICATION

I, Ramon Ruiz, hereby verify under penalty of perjury under the laws of the United States of America that the foregoing allegations are true and correct to the best of my knowledge, information, and belief. 28 U.S.C. § 1746.

Executed on this 18th day of June, 2026.

Respectfully presented,

By:_____

Ramon Ruiz, Sui juris

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Second Amended Complaint was uploaded to the Courts pro se PDF submission portal on June 18, 2026 and served upon all counsel of record via the Court's CM/ECF system.

Respectfully presented,

By: _____

Ramon Ruiz, Sui juris
Plaintiff
c/o 1317 Edgewater Dr. #1173
Orlando, FL 32804
305-334-3936
ruizlawsuit@gmail.com

13